UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TILDEN INTERNATIONAL, INC., et al.,

      Plaintiffs,

v.                                                    Case No. 18-mc-80490 RLR

THEODORE SALVADORE RUSSO, et al.,

      Defendants.

_____/

## MOVANTS' REPLY TO RESPONSE TO MOVANTS' MOTION TO REOPEN CASE AND MOTION TO TAKE JUDICIAL NOTICE OF ORDER IN PALM BEACH CTY. CASE NO. 2018-CP-001919 AND INVALIDATE ASSIGNMENT TO ROBERT GIBSON

      COME NOW, Plaintiffs Tilden International, Inc. and Tilden Realty FLA, Inc. ("Movants"), by and through undersigned counsel, and file this Reply to Robert Gibson's Response to Movants' Motion to Reopen Case and Motion to Take Judicial Notice of Order in Palm Beach County Case No. 2018-CP-001919 and Invalidate Assignment to Robert Gibson, and state:

      1.      On June 16, 2021, Movants filed their Motion to reopen case at Docket Entry No. 36 along with a Motion to Take Judicial Notice of Order in Palm Beach County Case No. 2018-CP-001919 and Invalidate Assignment to Robert Gibson at Docket Entry No. 37, attached to which motion were the referenced order in Palm Beach County case no. 2018-CP-001919 (Exhibit A) which declared a nearly identical assignment to be invalid, the assignments used in that case and in this case (Exhibit B) and the Florida Bar's 2018 Advisory Opinion in Shore v. Wall, et al., which determined that said assignments are improper and tantamount to practicing law without a license.

      2.      As alleged in the Movants' Motion to Reopen Case at Docket Entry No. 40, Mr. Gibson ("Gibson"), the purported assignee, failed to abide by the terms of the assignment which

he prepared, presented for Movants' execution and then used to pursue recovery of funds owed to Movants as the result of Movants' foreign judgment and remit to Movants their 50% share of the recovered proceeds, and also refused to provide Movants with an accounting of funds which he collected pursuant to the improper assignment. On June 17, 2021, Movants filed a motion requesting a hearing on the matters presented in Docket Entry Nos. 36 and 37.

3. On April 13, 2018 at Docket Entry No. 43, Gibson filed a Response in Opposition to Movants' motions, within which Gibson alleged that Movants' chosen counsel tortiously and in bad faith interfered with his business relationship with Movants. Gibson also misrepresented that similar attempts to invalidate assignments to Gibson in an unrelated case failed.

4. However, Gibson is fully aware that Movants' counsel's attempt to invalidate assignments in an unrelated case failed for entirely different reasons; reasons which did not consider whether Gibson's assignments in that case were tantamount to unlicensed practice of law.

5. The assignment used by Gibson in this case provided that Movant would obtain 50% of the proceeds realized by Gibson, and Gibson refuses to remit said funds to Movant despite Movants' repeated demands.

6. Gibson also refuses to provide Movant with an accounting of the funds which he collected on behalf of Movants. Despite Movants' demand and Gibson's promise to provide said accounting, he has upon information and belief misappropriated Movants' funds to sustain his lifestyle.

7. The terms of the assignment which Gibson used as a basis for his standing to pursue recovery, and which mention Movants' respective share of recovered proceeds, are core issues and are properly raised within this case. Yet, rather than respond to Movants' substantive allegations, Gibson instead focused on his dislike of Movants' counsel only to distract the Court.

WHEREFORE, Movants furnish this Reply to Gibson's Response and request that the Court hold an evidentiary hearing to determine whether the assignment which Gibson used is tantamount to practicing law without a license, a felony according to Florida statutes, and should be deemed invalid; whether Gibson violated the terms of said assignment by failing to provide Movants with their 50% share of funds collected by Gibson; and whether Movants are entitled to an accounting of Movants' funds which Gibson collected by travelling on the improper assignment.

**S I S K I N D   L E G A L , P L L C**
_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on July 21, 2021 via CM/ECF to all persons authorized to receive notices electronically in this case and by U.S. Mail to all appropriate parties who are not authorized to receive notices electronically through CM/ECF.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746